UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DASHANTE SCOTT JONES, : | | |
| Plaintiff, : | | CASE NO. 3:15-cv-01135 (VAB) |
| : | | |
| v. : | | |
| : | | |
| CAPTAIN JOHNSON ET AL., : | | |
| Defendants. : | | APRIL 20, 2016 |
| : | | |

**<u>INITIAL REVIEW ORDER</u>**

Plaintiff, Dashante Scott Jones, while he was incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed a complaint *pro se* under 42 U.S.C. § 1983. He names five defendants: Captain Johnson and Warden Erfe at Cheshire Correctional Institution, who supervise Phases II and III of the Administrative Segregation Program, and Ann Cornoyer, A.R.C. Moses, and Captain Morinelli of Northern Correctional Institution, who supervise Phase I of the Administrative Segregation Program. Mr. Johnson contends that he was denied religious services while confined in the Administrative Segregation Program in violation of his First and Fourteenth Amendment rights.

The Court must review a prisoner's civil complaint and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although Mr. Jones has been released from prison, he filed the complaint while he was a prisoner, and the complaint concerns alleged misconduct by prison officials in connection with his incarceration. Accordingly, the complaint is subject to review under 28 U.S.C. § 1915A despite his release. *See, e.g.*, *Flemming v. Smith*, No. 9:11-CV-00804

(NAM/TWD), 2014 WL 3698004, at *4 n.5 (N.D.N.Y. July 24, 2014) ("Although Plaintiff was released from custody . . . he was incarcerated at the time this action was commenced and when he filed the Amended Complaint.  Therefore, § 1915A is applicable."); *Rogers v. N.Y.C. Police Dep't*, No. 12 CV 3042 (CBA) (MG), 2012 WL 4863161, at *1 n.3 (E.D.N.Y. Oct. 12, 2012) ("Although plaintiff has been released from custody, he was incarcerated at the time he filed his complaint and so is considered a 'prisoner' under Section 1915A."); *Gibson v. Comm'r of Mental Health,* No. 04 Civ. 4350 (SAS), 2006 WL 1234971, *3 (S.D.N.Y. May 8, 2006) ("[C]ourts have determined that the [Prison Litigation Reform Act] does apply to a prisoner who filed suit during his confinement and thereafter was released from prison.").

In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Mr. Jones alleges that the defendants denied religious service to inmates in segregation on grounds of institutional safety and security.  He contends that the services could be held in a visiting area.  Mr. Jones also maintains that, statistically, more prison fights are caused by

contact sports and card games, both permitted activities in Administrative Segregation, than by religious services.

The First Amendment guarantees the right to free exercise of religion, and prisoners do not relinquish this right when they are incarcerated.  *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) ("Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion.") (internal citations omitted).  A prisoner's First Amendment right to free exercise of religion, however, is not absolute.  It is "subject to valid penological concerns, including those relating to institutional security."  *Johnson v. Guiffere*, No. 9:04-CV-57, 2007 WL 3046703, at *4 (N.D.N.Y. Oct. 17, 2007) (citing *O'Lone*, 482 U.S. at 348; *Salahuddin v. Coughlin*, 993 F.2d 306, 308 (2d Cir. 1993)).  Courts must balance the prisoner's right to exercise his religion against the state's interest in administering the prison system.  *See Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003).

Mr. Johnson contends that the denial of religious services violated his First Amendment right to religious exercise and his Fourteenth Amendment right to equal protection.  The Court cannot balance the parties' competing interests without further development of the record.  Accordingly, the case will proceed at this time.

## ORDERS

In accordance with the foregoing, the Court enters the following orders:

(1)     **The Clerk shall** verify the current work address of each defendant with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** from the date of this Order.  The Clerk shall report to the Court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Clerk

shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity, and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshals Service.  The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)      The defendants shall file their response to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include any and all additional defenses permitted by the Federal Rules of Civil Procedure.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order.  Discovery requests need not be filed with the Court.

(6)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(7)     Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

**SO ORDERED** at Bridgeport, Connecticut, this twentieth day of April 2016.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE